IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBORAH SLADEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-225 WDS |
| | ) | |
| ARAMARK UNIFORM SERVICES (MIDWEST) LLC, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Currently pending before the Court is a Motion for Entry of a Protective Order filed by Defendant Aramark Uniform Services (Midwest) LLC (Doc. 40). This motion is **GRANTED**. For good cause shown, the Court enters the following Protective Order.

IT IS HEREBY ORDERED:

1. The entirety of Defendant ARAMARK Uniform & Career Apparel, LLC's Participant Onboarding Manual is designated as confidential and subject to this Protective Order.

2. Except as otherwise ordered by this Court, the documents and information produced by Defendant ARAMARK and designated as protected by this Order shall be revealed only to (1) parties in this action, (2) counsel of record for the parties in this action, (3) the parties' experts and consultants, (4) the Court and Court personnel for any purpose the Court finds necessary, and (5) jurors and court personnel at trial as necessary for trial purposes.

3. No person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has read the Order of this Court. No person entitled to access to protected documents or

information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

4. Plaintiff's counsel shall maintain a list of the names of all persons, including all experts and consultants, who inspect or review confidential documents produced by ARAMARK or who receive any copies of such confidential documents pursuant to this Order, and shall make such a list available to ARAMARK's counsel at the conclusion of this litigation.

5. The documents and information produced to plaintiff pursuant to the terms of this Order shall be used for the sole and limited purpose of preparation for and trial of this action against ARAMARK and shall not be used for any other purpose.

6. Neither this Order nor the designation of any item as confidential shall be construed as an admission that such material, or any testimony in respect to such material in a deposition or otherwise, would be admissible in evidence in this litigation or in any other proceeding. In addition, this Order does not, of itself, require the production of any information or documents.

7. Nothing in this Order shall be deemed to preclude any party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information produced at this time or later throughout the course of litigation.

8. At the conclusion of this litigation, all documents and materials produced to plaintiff or others pursuant to the terms of this Order, and all copies, summaries, and abstracts of all

such materials, however maintained, shall be returned to counsel of record for

ARAMARK.

**DATED: July 24, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON
United States Magistrate Judge**